Rev. 11/15/13

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE:  **Consuelo Loleta Robinson**　　　　　　　　　　　　　　Case No.

　　　　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN　　☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

### Plan Summary

A. The Debtor's Plan Payment is scheduled at _____**$1,650.00  Monthly**_____ [ ☑ Pay Order, ☐ Direct Pay ]
   for _____**60 months**_____. The gross amount to be paid into the plan is _____**$99,000.00**_____.

B. The Plan proposes to pay all allowed priority, special class and secured claims and approximately **0%** of the unsecured allowed claims. THIS PLAN DOES NOT ALLOW CLAIMS. You must file a proof of claim to receive distributions under any plan. Other than adequate protection payments, disbursements will begin after entry of an order of confirmation of the plan.

C. Value of non-exempt assets _____**$0.00**_____.

D. Current monthly income _____**$2,949.33**_____, - expenses _____**$1,299.33**_____ = available for plan _____**$1,650.00**_____.

E. The total amount to be paid into the Plan shall be increased for tax refunds as set forth in the Standing Order for Chapter 13 Case Administration in this Division. These additional receipts shall be disbursed according to the provisions of the Plan. The IRS or the Debtor(s) are directed to forward refund to the Trustee.

### Special Plan Provisions

**Attorney Fees**
The amount reflected above does NOT include the filing fee for this matter with the Court which was handled by the Debtors' attorney.

The fee does not include representation in any Motion to Lift Stay, Motion to Dismiss, Motions to Modify Chapter 13 plan, Request for Moratorium, Applications to Incur Consumer Debt, Applications for Tax Return. An additional fee will be charged for representation in these matters.

These fees shall be paid at the rate of $1,500.00 in the first distribution post confirmation, and then $250.00 per month until paid in full.

### Plan Provisions

#### I. Vesting of Estate Property

Upon confirmation of the plan, all property of the estate shall not vest in the Debtor(s), and shall remain as property of the estate subject to the automatic stay of 11 U.S.C. §362.

#### II. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to assume the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| (None) | | | |

Rev. 11/15/13

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Consuelo Loleta Robinson**  Case No.

Debtor(s)  Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN ☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 1*

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to reject the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| (None) | | | |

### III. Specific Treatment for Payment of Allowed Claims

**1. DIRECT PAYMENTS BY DEBTOR TO CREDITORS; SURRENDER OF COLLATERAL**

A. Debtor shall pay the following creditors directly:

| Creditor Name | Remarks | Debt Amount | Monthly Payment |
|---|---|---|---|
| Capitol Car Credit | Direct by Non-filing Codebtor | $16,764.00 | $536.00 |

B. Debtor shall surrender the following collateral:

| Creditor Name / Collateral Surrendered | In Full Satisfaction (Yes/No) | Debt Amount |
|---|---|---|
| | | |

C. Creditor's Direct Communication With Debtors

Creditors whose claims are scheduled to be paid directly by the debtor(s), including creditors with claims secured by real property or vehicles, are authorized to send monthly statements to the debtor(s). They are also authorized to communicate directly with the debtor(s) in response to a debtor's questions about monthly payments, escrow accounts, account balances, increases in monthly payments, and other routine customer service inquiries.

**2. PAYMENTS BY TRUSTEE**

A. Administrative Expenses (including Attorney's fees)
*The Trustee may receive up to 10% of all sums received.*

| Creditor | Estimated Amount of Debt | Monthly Payment Amount |
|---|---|---|
| Law Office of Nels C. Hansen P.C. | $2,960.00 | Pay per Special Plan Provision |

Rev. 11/15/13

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Consuelo Loleta Robinson**     Case No.

Debtor(s)     Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN     ☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 2*

B. Ongoing Mortgage Payments

The Trustee shall pay all post-petition monthly mortgage payments on claims against real property that were delinquent on the petition date ("Ongoing Mortgage Payments"). The Ongoing Mortgage Payments will be in the amount stated in the allowed proof of claim or as fixed by Court order. If the debtor makes a Plan payment that is insufficient for the Trustee to disburse all Ongoing Mortgage Payments required below, such payments will be disbursed in the order listed below. The Trustee shall hold debtor payments until a sufficient amount is received to make a full Ongoing Mortgage Payment. The debtor shall provide to the Trustee all notices received from Mortgage Creditors including statements, payment coupons, impound and escrow notices, default notifications, and notices concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit Mortgage Creditors to issue such notices. Changes to the monthly Ongoing Mortgage Payment or the addition of post-petition mortgage fees and charges shall be effectuated pursuant to the *Standing Order Relating to Ongoing Mortgage Payments in Chapter 13 Cases in the Austin Division.*

| Mortgage Creditor / Property Address | Monthly Mortgage Payment (proof of claim controls) | Monthly Late Charge | Interest Rate (for information only) | Payment Due Date (per contract) | Paid by Trustee OR Paid Direct by Debtor (select one) |
|---|---|---|---|---|---|
| Bayview Loan Servicing<br>House @ 3907 Loise Lee Drive | $881.25 | | 2.125% | 1st day of month | Trustee |

C. Secured Claims - Real Property; Mortgage Arrearage

The plan will cure pre-petition arrearage claims pursuant to the payment schedule set forth in the plan. The amount of the mortgage arrearage claim to be paid through the plan will be the amount of the mortgage creditors' allowed proof of claim, unless a different amount is established by court order. The amount set forth in the proposed plan and any subsequent order confirming the plan is an estimate only and is not binding on the Debtor(s) or the mortgage creditor and is not an admission on the part of the Debtor(s) nor does it prohibit the Debtor(s) from filing an objection to the mortgage creditor's claim. Unless funds are available to pay all classes on a monthly basis, secured claims will be paid ahead of unsecured claims.

| Creditor / Property Address / Description of Collateral | Estimated Claim | Mo. Pmt or Method of Disbursement | Interest Rate (if applicable) | Other Remarks |
|---|---|---|---|---|
| Bayview Loan Servicing<br>House @ 3907 Loise Lee Drive | $8,000.00 | Pro-Rata | 0% | |

Rev. 11/15/13

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE:  **Consuelo Loleta Robinson**                                    Case No.

Debtor(s)                                                          Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN     ☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 3*

---

D. Secured Claims - Personal Property; **Adequate Protection Payments;** *MOTIONS TO VALUE COLLATERAL*

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the full amount of the claim, as specified below, plus interest thereon at the rate specified in this Plan. FAILURE OF THE SECURED CREDITOR TO OBJECT TO THE PROPOSED VALUE WILL BE DEEMED ACCEPTANCE OF THE PLAN UNDER SECTION 1325(a)(5)(A). Except for secured claims for which provision is made to pay the full amount of the claim notwithstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section III(2)(E).

In the first disbursement following the filing of a claim by a creditor holding an allowed claim secured by personal property, the Trustee shall commence making adequate protection payments in the amount set out below, unless otherwise ordered by the Court. Such payments shall cease upon confirmation of the plan.

Unless funds are available to pay all classes on a monthly basis, secured claims will be paid ahead of unsecured claims.

| **Creditor/Collateral** | **Adequate Protection Payment** | **Other Treatment/Remarks** |
|---|---|---|
| Exeter Finance Corp<br>2008 Buick Enclave | $250.00 | |

The Debtor moves to value collateral described below in the amounts indicated. The Debtor(s) declares, under penalty of perjury, that the foregoing values as stated in the above Motion and the Plan for the secured debt are true and correct and to the best of their knowledge represent the replacement value, pursuant to Section 506(a)(2), of the assets held for collateral.

**/s/ Consuelo Loleta Robinson**
Consuelo Loleta Robinson, Debtor

Objections to Valuation of collateral proposed by this plan must be filed no later than fourteen (14) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the plan. Following confirmation of the plan, monthly payments shall be made as follows:

| **Creditor / Collateral** | **Est. Claim** | **Value of Collateral** | **Monthly Payment** | **Interest Rate** | **Pay Value of Collateral (OR) Pay Full Amount of Claim (select one)** |
|---|---|---|---|---|---|
| Exeter Finance Corp<br>2008 Buick Enclave | $21,698.00 | $20,000.00 | Pro-Rata | 5% | Pay Full Amount of Claim |

Secured creditors shall retain their liens on the collateral which is security for their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law, or discharge under 11 U.S.C. Section 1328. In addition, if this case is dismissed or converted without completion of the plan, such liens shall also be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

E. Priority Creditors

| **Creditor** | **Estimated Amount of Debt** | **Payment Method**<br>1. Before<br>2. After<br>3. Along With<br>Secured Creditors | **Monthly Payment or Method of Disbursement** |
|---|---|---|---|
| Internal Revenue Service | $600.00 | Along With | Pro-Rata |

Rev. 11/15/13

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE:  **Consuelo Loleta Robinson**  Case No.

Debtor(s)  Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN  ☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 4*

F. General Unsecured Creditors, [including claims from rejection of contracts, leases and contracts for deed]. The Trustee will pay allowed general, unsecured claims unless otherwise ordered by the Court. Unless otherwise provided below, payments to creditors with allowed general unsecured claims shall be made on a pro rata basis as funds become available after payment of other creditors. It is estimated that distribution to the general unsecured creditors will commence in the **60th** month of the Plan.

G. Cure claims on Assumed Executory Contracts, Contracts for Deed & Leases:

| Creditor | Estimated Amount of Debt | Payment Method 1. Before 2. After 3. Along With Secured Creditors | Monthly Payment or Method of Disbursement |
|---|---|---|---|
|  |  |  |  |

**Totals:**

| | |
|---|---:|
| Administrative Claims | **$2,960.00** |
| Arrearage Claims | **$8,000.00** |
| Secured Claims | **$145,948.00** |
| Priority Claims | **$600.00** |
| Unsecured Claims | **$50,243.51** |
| Cure Claims | **$0.00** |

H. Lien Avoidance under 11 U.S.C. § 522(f)

<u>MOTION TO AVOID LIENS UNDER 11 U.S.C. § 522(f)</u>

Debtor moves to avoid the following liens that impair exemptions. Objections to Lien Avoidance as proposed in this plan must be filed no later than fourteen (14) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the plan. (Debtor must list the specific exempt property said lien impairs and the basis of the lien, i.e. judicial, nonpurchase-money security interest, etc.)

| Creditor / Property subject to lien | Amount of Lien to be Avoided | Remarks |
|---|---:|---|
| Regional Finance Household Goods and Other Personal Property | $600.00 | |
| Toledo Finc Household Goods and Other Personal Property | $628.00 | |
| World Finance Corporation Household Goods and Other Personal Property | $469.00 | |

Rev. 11/15/13

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Consuelo Loleta Robinson**                                    Case No.

Debtor(s)                                                                 Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN          ☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 5*

### IV. General Information

**Notice:**   **Local Rule 3002 provides, in part:**

*"Every Creditor filing a Proof of Claim in all cases shall transmit a copy with attachments, if any, to the Debtor's Attorney (or the Debtor if the Debtor is pro se)."*

**Limiting Notice After Deadline to File a Proof of Claim:**

For pleadings requiring notice on all creditors and filed after the deadline to file a proof of claim, parties in interest need only serve the Limited Notice List and the Limited Notice List shall include the following:
a. the United States Trustee for the Western District of Texas, Austin Division;
b. the Chapter 13 Trustee for the Western District of Texas, Austin Division;
c. the Debtor(s) unsecured creditors or their respective counsel, provided however that they filed a claim or notice of appearance;
d. all secured creditors in this case or their counsel;
e. all taxing authorities holding claims against the Debtor(s);
f. all parties who have, by notice of entry of appearance advised the Court and counsel for the Debtor(s) that they desire to receive notices herein;
g. government agencies required to receive notice under the Bankruptcy Rules and above-named.

Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. The deadline for the filing of objections to confirmation is fourteen (14) days prior to the confirmation hearing.

Respectfully submitted this date: _____.


  **/s/ Consuelo Loleta Robinson**
 Consuelo Loleta Robinson
 3907 Loise Lee Drive
 Austin, TX 78725-4003
 (Debtor)



  **/s/ Nels C. Hansen**
 Nels C. Hansen
 1016 La Posada, Suite 140
 Austin, Texas 78752-3817
 Phone: (512) 458-4138 / Fax: (512) 458-4213
 (Attorney for Debtor)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE:  **Consuelo Loleta Robinson**                               CASE NO.
                        *Debtor*

                                                                    CHAPTER    13
                        *Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 6, 2015, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Nels C. Hansen**
Nels C. Hansen
Bar ID:00794965
Law Office of Nels C. Hansen P.C.
1016 La Posada, Suite 140
Austin, Texas 78752-3817
(512) 458-4138

---

Aaron Sales & Lease Ow
xxxxxx9996
1015 Cobb Place Blvd Nw
Kennesaw, GA 30144

Bayview Loan Servicing
xx6285
4425 Ponce DeLeon Blvd. 5th Floor
Coral Gables, FL 33146

Consuelo Loleta Robinson
3907 Loise Lee Drive
Austin, TX 78725-4003

AT&T
PO Box 1022
Wixom, MI 48393-1022

Bayview Loan Servicing
4425 Ponce DeLeon Blvd. 5th Floor
Coral Gables, FL 33146

Covington Credit
13359 N. Research Blvd
Austin, TX 78758

Austin Finance
x5682
4360 S. Congress Ste 112
Austin, TX 78745-1118

Bruce M. Wilpon
United States Attorney Special Asst
300 E. 8th Street Suite 601
Austin, TX 78701-3223

Credit Management LP
xxxx7990
4200 Int'l Parkway
Carrollton, TX 75007-1912

Austin's Colony Homeowners Assoc., Inc.
c/o RealManage
2633 McKinney Ave #130-502
Dallas, TX 75204-2581

Capitol Car Credit
xxx8501
5311 S Interstate 35
Georgetown, TX 78626

Data Search Inc
xxx9560
PO Box 461289
San Antonio, TX 78246-1289

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Consuelo Loleta Robinson**     CASE NO.
*Debtor*

CHAPTER    **13**

*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

| | | |
|---|---|---|
| Deborah B. Langehennig<br>Chapter 13 Trustee<br>3801 Capital of TX Hwy, So, Ste 320<br>Austin, Texas 78704-6640<br>(Sent via electronic notification) | Kwik Cash Fi<br>xxxxxxxxx1398<br>1509 Guadalupe St<br>Austin, TX 78701 | Texas Credit<br>8222 N Lamar<br>Austin, TX 78758 |
| Enhanced Recovery Corp<br>xxxxx2063<br>8014 Bayberry Road<br>Jacksonville, FL 32256-7412 | Merch. & Prof. Credit Bureau<br>xxx0122<br>5508 Parkcrest Dr. Suite 210<br>Austin, TX 78731-4929 | Time Warner Cable<br>PO Box 85100<br>Austin, TX 78708-5100 |
| Exeter Finance Corp<br>xxx8685<br>PO Box 166008<br>Irving, TX 75016-6008 | Quest Diagnostic<br>PO Box 7306<br>Hollister, MO 65673 | Toledo Finance<br>1211 W. 6th Street Ste 300<br>Austin, TX 78703-5289 |
| First Premier Bank<br>xxxx-xxxx-xxxx-6632<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104-4868 | Regional Finance<br>xxxxxxx3501<br>6615 Airport Blvd<br>Austin, TX 78752-3601 | Toledo Finance<br>2030 East Oltorf, #105<br>Austin, TX 78741 |
| Internal Revenue Service<br>Special Procedures Staff - Insolvency<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Second Round Lp<br>xxxxxx3776<br>4150 Friedrich Lane Suit<br>Austin, TX 78744 | Toledo Finc<br>xxxxxxxx0160<br>505 A San Jacinto<br>Austin, TX 78701 |
| J. C. Penney<br>xxxxxxx4001<br>4580 Paradise Blvd.<br>Albuquerque, NM 87201-0001 | Social Security Administration<br>xxxxxx87A0<br>1029 Camino La Costa<br>Austin, TX 78752-3907 | United States Attorney<br>Western District of Texas<br>Attn: Civil Division<br>601 NW Loop 410, Suite 600<br>San Antonio, TX 78216-5512 |
| Joel M Robinson<br>3907 Louise Lee Dr.<br>Austin, TX 78725 | Texan Credit<br>3928<br>Po Box 130<br>Timpson, TX 75975 | World Finance Corporation<br>xxxxxxx8701<br>6305 Cameron Rd Suite 117<br>Austin, TX 78723-1173 |